*Benjamin F. Butler, Roger A. Pryor, Jerome B. Kimball &*
*Andrew B. Patton,* for complainant.

*Benjamin F. Thurston, Charles Hart, James Tillinghast & C.*
*Frank Parkhurst,* for respondents.

*Edwin Metcalf & Charles P. Robinson,* for Wilbour, Jackson &
Company.

NOTE. — The foregoing case was heard by POTTER, STINESS, and TILLING-
HAST, JJ., until the death of POTTER, J., and then by STINESS and TILLING-
HAST, JJ. ·

QUIDNICK COMPANY *vs.* ZECHARIAH CHAFEE *et als.*

A debt existing from S. to Q., S. gave to Q. his notes secured by a trust mortgage for an
amount nearly equal to the debt, paying the small balance in cash.
It appearing that Q. accepted the notes and cash, and afterwards used part of the notes re-
ceived to pay his own debts :
*Held,* that the original debt was cancelled.  POTTER, J., dissenting in the circumstances.
*Quidnick Company* v. *Chafee, ante,* p. 367, affirmed so far as relates to the contract consid-
ered in that case.

BILL IN EQUITY to establish a lien and for an account.

The bill in this case set forth substantially the same state of facts as the bill in the last case, and claimed an indebtedness due to the complainant under the contract already given, *ante,* p. 369.

The bill also charged that as the A. & W. Sprague Manufacturing Company had ·not made the returns of its financial condition, required by the statutes of Rhode Island, its stockholders were under a statutory liability for all its debts; that its stockholders, the respondents, were holders of stock in the complainant corporation, and that the complainant had by charter a lien on the stock 'of any stockholder for the amount of such stockholder's indebtedness. The bill prayed that this lien might be declared against the stocks of the respondents, that an account might be taken of the amount due, and that Chafee might meanwhile be enjoined from selling such stock.

*October* 22, 1881. STINESS, J. This bill charges that " under and pursuant to " the contract [1] referred to in the preceding case, the A. & W. Sprague Manufacturing Company became and is indebted to the complainant; that Mary Sprague, Fanny Sprague, William Sprague, and Amasa Sprague, as stockholders in that corporation, are personally liable for such debt; that the Quidnick Company by its charter has a lien on the stock of its members for debts due from them to the company, and hence prays that a lien may be declared in its favor on the stock in the Quidnick Company claimed to belong to the persons named, and that the respondent, Chafee, may be enjoined from selling said stock under a pledge from them.

We have already decided [2] that there is no debt due to the complainant from the A. & W. Sprague Manufacturing Company " under and pursuant to " said contract, and therefore the Quidnick Company can have no lien on the stock on that account.

The answer admits that at the time the stock was pledged, and before the contract was made, there was a debt due to the complainant from the A. & W. Sprague Manufacturing Company of $216,410.88, which was subsequently settled and paid by the Quidnick Company's acceptance of $216,400 of the notes of the A. & W. Sprague Manufacturing Company, secured by the trust mortgage to Chafee, and $10.88 in cash. The complainant contends that this was taken only as " additional security," without extin-

---

[1] *Ante*, p. 369.    [2] *Quidnick Company* v. *Chafee, ante,* pp. 367, 370.

guishing the original debt. We have no doubt, from the facts before us, that the mortgage notes were received and accepted as full payment of the debt then existing. The settlement in cash of the trifling balance of $10.88 indicates this, and a use of the portion of the notes by the Quidnick Company, to pay its own debts, is wholly inconsistent with its claim to hold them only as security.

On neither ground, therefore, has the complainant a lien on the stock, and the bill must be dismissed.

TILLINGHAST, J., concurred.

POTTER, J., dissenting. The complainant files this bill claiming a lien on corporate stock by virtue of section 9 of their charter, for debts due the corporation from Amasa Sprague, William Sprague, Fanny Sprague, and Mary Sprague, and the A. & W. Sprague Manufacturing Company, the latter a corporation, the respondents being stockholders in the complainant company.

The claim is for an indebtedness growing out of a contract made between the latter corporation, in which the other respondents were also stockholders, and the complainant corporation, made December 18, 1873.

The A. & W. Sprague Manufacturing Company being embarrassed, the Quidnick Company agreed to furnish the former "the necessary means, stock, and supplies for running their mills and print works, so long as this contract shall continue in force."

To secure the Quidnick Company, the goods were to be consigned in their name, and the proceeds of sales applied to pay expenses and *all advances* made by them, including a commission, and the balance to be paid to the A. & W. Sprague Manufacturing Company.

The claim made in this bill is only for an indebtedness growing out of this contract, and not as in other pending suits for any old debt, or for any indebtedness growing out of the use of their funds by the A. & W. Sprague Manufacturing Company, or by the trustee.

In an opinion already given in *Quidnick Company* v. *Chafee, ante*, p. 375, I have given some of my reasons for holding that under this contract an indebtedness might arise from the A. & W.

Sprague Manufacturing Company and from the trust estate to the Quidnick Company.

It is very plain, not only from the surrounding circumstances but from the words of the contract itself, that this was not a mere *stocking* contract. The Quidnick Company was not only to furnish the stock, but all " necessary means and supplies " for running the mills. This of course included the money for payment of help and all incidental expenses.

In the next place, the answer of Chafee, so far as it has any effect, admits that while the Quidnick Company took the risk of their commission, in case of a loss they had a claim against somebody; but he claims that it was against the A. & W. Sprague Manufacturing Company, and not upon the trust estate. The answer was, no doubt, carefully drawn by counsel and signed by Chafee, and shows the construction put by them upon the contract. The bill alleges that the funds of the Quidnick Company were used to keep up and carry on the extensive business and operations of the A. & W. Sprague Manufacturing Company, and while the answer denies the amount of indebtedness alleged, it admits an apparent indebtedness, and contends that the goods, if sold at a fair value, will pay this indebtedness, but that the true state of the accounts cannot be ascertained until the goods are sold, and a final account taken.

And the fact that the point upon which the majority of the court have decided was not raised at the hearing by the very able counsel engaged for the respondent, but that the case was argued upon both sides upon the construction I have put upon the contract, seems to me to be entitled to great weight.

The answer denies the lien under section 9 of the Quidnick Company's charter, and claims the same benefit from this defence as if taken by demurrer. Section 9 of the charter provides that the stock of every stockholder " shall at all times be pledged and liable to said corporation for all debts and demands due or owing from such stockholder to said corporation, whether the same are overdue or due and payable at a future day," &c.

As to the proper mode of making a defence resting upon a point of law, whether by answer or demurrer, see the case of *Allen* v. *Woonsocket Company*, 11 R. I. 288, 290.

The point raised is that the charter liability of a stockholder of a corporation, which corporation is a stockholder in another corporation, is not such a liability as is covered by the provisions in the charter of the latter.

The respondent, Chafee, also by answer sets up a waiver of the charter lien, by the Quidnick Company having allowed certain transfers of the stock to be made upon their books, and the benefit of this is claimed as if pleaded.

The first question upon this would be, is the plea a good defence, if true? If this question was settled in favor of the respondents, the question would then arise, whether the stock of the respondents has ever been transferred by them or by any attorney or agent properly authorized, &c., &c.

As the case is decided upon another point, there is no need of expressing an opinion upon these matters.

*Decree dismissing bill with costs, entered November 5, 1881.*

*Benjamin F. Butler, Roger A. Pryor, Jerome B. Kimball & Andrew B. Patton,* for complainant.

*Benjamin F. Thurston, Charles Hart, James Tillinghast & C. Frank Parkhurst,* for respondents.

NOTE. — The foregoing case was heard by POTTER, STINESS, and TILLINGHAST, JJ.